UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20530<br><br>       Plaintiff,<br><br>    v.<br><br>LEON MAX, INC., a corporation,  also<br>doing business as Max Studio,<br>3100 New York Drive<br>Pasadena, CA 91107<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:13-cv-00003 |

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE, AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon the notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges that:

1.      Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(B), 13(b), and 16(a) of the Federal Trade Commission Act as amended ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), 53(b), and 56(a), to obtain monetary civil penalties, injunctive, and other relief for Defendant's violations of the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, the Rules and Regulations Under the Textile Fiber Products Identification Act, 16 C.F.R. Part 303 ("Textile Rules"), and injunctive relief for violations of Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a).  This action arises under 15 U.S.C. § 45(a).

3.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

**DEFENDANT**

4.      Defendant Leon Max, Inc., also doing business as Max Studio, is a California corporation with its principal place of business at 3100 New York Drive, Pasadena, California 91107.  At all times material to this complaint, Defendant has participated in the acts and practices described in this complaint.  Defendant transacts business in this district, including through its website, www.maxstudio.com, its Max Studio retail store located at 1242 Wisconsin Avenue, N.W., Washington, District of Columbia 20007, and other retail stores including, among others, Macy's, Bloomingdale's, Dillards, and Lord & Taylor.

**COMMERCE**

5.      At all times material to this complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS PRACTICES**

6.      Defendant markets and sells textile fiber products throughout the United States using its website and its retail stores, as well as through other retail department stores. Defendant manufactures and sells textile fiber products under its own private label, Max Studio.

7.      In advertisements for textile fiber products on its website, Defendant makes or has made various claims concerning the fiber content of those textile fiber products.

8.      On its www.maxstudio.com website, Defendant has claimed, without qualification, that the textile fiber in numerous products is "bamboo":

        a.      For example, in the product description for the "Racer Back Tank,"

Defendant has claimed, "You can still be a green-goddess at the gym when you wear this

delicious racer back tank cut from an **eco-wonderful bamboo** and cotton jersey.  **Besides its earth-friendly nature, the beauty of bamboo is that it is luxuriously soft, and its absorbent properties are just right** for sweating it out at yoga, Pilates or on the run" (emphasis added).  In the fabric description of the same product, Defendant has stated that the tank is "50% BAMBOO, 50% COTTON."

b.      Similarly, in the product description for the "Silk & Bamboo Broadcloth Shirred Shell," Defendant has claimed, "Soft shirring on a delicate and **eco-friendly bamboo** and silk fabric lends this top its ethereal feel," while the fabric description for the product has stated that it is "65% BAMBOO, 35% SILK."  (emphasis added).

9.      In addition, on its www.maxstudio.com website, Defendant has sold textile fiber products labeled as "bamboo."

10.     For example, on March 17, 2010, the Commission purchased a "Football Tee" and a "Bamboo Seersucker Stripe Scoop Yoke Dress" from the www.maxstudio.com website. Both items were purchased directly from, and shipped by, Defendant.  The label on the plastic packaging containing the "Football Tee" stated that the fabric composition was "50% Bamboo 50% Cotton."  The fiber content label sewn into the shirt also stated that the fiber content was "50% Bamboo 50% Cotton."  A hangtag attached to the shirt stated that it was "Bamboo" and that "Bamboo is a wonderful new fiber that is lustrous, absorbent and also has anti-bacterial properties."  Similarly, the fiber content label sewn into the "Bamboo Seersucker Stripe Scoop Yoke Dress" stated that the fiber content of the shell was "99% Bamboo 1% Spandex" and the lining was "100% Cotton."  The dress also had the same "Bamboo" hangtag as the shirt.

11.     Textile fiber products marketed and sold by Defendant as bamboo, including those described in Paragraphs 8 through 10 above, are rayon and not actual bamboo fiber woven into fabric.

12.     Rayon is the generic name for a type of regenerated or manufactured fiber made from cellulose.  Rayon is manufactured by taking purified cellulose from a plant source, also called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or

//

1  more chemicals, such as sodium hydroxide.  The chemical solution is then forced through
2  spinnerets and into an acidic bath where it solidifies into fibers.

3      13.  Many plant sources may be used as cellulose precursors for rayon fabric,
4  including cotton linters (short cotton fibers), wood pulp, and bamboo.  Regardless of the source
5  of the cellulose used, the manufacturing process involves the use of hazardous chemicals, and the
6  resulting fiber is rayon and not cotton, wood, or bamboo fiber.  *See* 40 C.F.R. Part 63 ("National
7  Emissions Standards for Hazardous Air Pollutants: Cellulose Products Manufacturing").

8      14.  "[H]azardous air pollutants (HAP) emitted from cellulose products manufacturing
9  operations" include carbon disulfide, carbonyl sulfide, ethylene oxide, methanol, methyl
10  chloride, propylene oxide, and toluene.  40 C.F.R. § 63.5480.

11      15.  Pursuant to the Textile Act and Rules, textile products must be labeled and
12  advertised using the proper generic fiber names recognized or established by the Commission.
13  Manufactured textile products composed, in whole or in part, of regenerated cellulose fiber must
14  be labeled and advertised using a generic fiber name such as rayon.

15
16  **PRIOR COMMISSION PROCEEDINGS CONCERNING**
    **TEXTILE FIBER PRODUCT MISREPRESENTATIONS**

17      16.  In August 2009, the Commission announced three settlements and one
18  administrative action against marketers improperly labeling and advertising rayon textile
19  products as "bamboo."  In addition to publicly announcing these cases, the Commission issued a
20  Business Alert to remind marketers of the need to label and advertise textile products properly
21  and to clarify that "bamboo" is not a proper generic fiber name for manufactured rayon textile
22  fibers. The press release announcing the four cases and the Business Alert were disseminated
23  widely throughout the marketplace.

24      17.  On January 27, 2010, the Commission sent Defendant a letter ("Warning Letter"),
25  by express mail, informing Defendant that certain acts or practices in connection with the
26  advertising and labeling of textile fiber products may violate the Textile Act and the Textile
27  Rules and are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

28      18.  Defendant received the Warning Letter on February 2, 2010.

19.     Enclosed with the Warning Letter was a synopsis of previous litigated decisions issued by the Commission, as well as instructions to contact Commission staff or to visit the Commission's website at http://www.ftc.gov/bamboo to obtain complete copies of the Textile Act, Textile Rules, and the Commission's Final Orders and Opinions in the proceedings described in the synopsis.

20.     As detailed in the synopsis enclosed in the Warning Letter, in a series of litigated decisions, the Commission determined, among other things, that:

      a.     both manufacturers and sellers of textile fiber products must comply with the Textile Act and the Textile Rules, *see H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor- Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962); and

      b.     it is an unfair or deceptive act or practice to falsely or deceptively stamp, tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the name or amount of constituent fibers contained therein, *see Verrazzano Trading Corp., et al.*, 91 F.T.C. 888 (1978); *H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor-Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962).

21.     The Warning Letter also notified Defendant of its potential liability for civil penalties under Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), for knowingly engaging in acts or practices determined by the Commission to be unfair or deceptive and unlawful, as described in Paragraph 20 of this Complaint.

22.     Even after receiving the Warning Letter, Defendant continued to market and sell rayon textile fiber products advertised and labeled as "bamboo."  As a result, on April 13, 2010, the Commission issued a civil investigative demand ("CID") to Defendant, seeking documents and information relating to its advertising, labeling, and sales of such textile products, including samples of any such products that Defendant contended were composed of actual bamboo fiber and not of rayon.  Defendant produced no such samples and has not otherwise asserted that any of the textile fiber products it sells are "bamboo."

//

23.     Despite the Commission's public announcements and the Warning Letter, Defendant continued to engage in practices, such as those described in Paragraphs 8 through 10 above.

24.     The practices described in Paragraphs 8 through 10 above are violations of the Textile Act and the Textile Rules, and are deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## VIOLATIONS OF THE TEXTILE ACT AND THE TEXTILE RULES

25.     The Textile Act governs, *inter alia*, the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce. *See* 15 U.S.C. § 70a.

26.     Under the Textile Act, a textile fiber product is "misbranded if it is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein."  15 U.S.C. § 70b(a).

27.     Pursuant to section 70e of the Textile Act, 15 U.S.C. § 70e(c), the Commission promulgated the Textile Rules, which state:

    a.     all textile fiber products must carry affixed labels stating the recognized generic names of the constituent fibers, 16 C.F.R. §§ 303.15; 303.16(a)(1);

    b.     no generic name for a manufactured fiber may be used until such generic name has been "established or otherwise recognized by the Commission," 16 C.F.R. § 303.8;

    c.     "[w]ords, coined words, symbols or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . [may] not be used in such a manner as to represent or imply that such fiber is present in the product." 16 C.F.R. § 303.18. Any term used in advertising, including internet advertising, that constitutes or connotes the name or presence of a textile fiber is deemed to be an implication of fiber content, 16 C.F.R. § 303.40; and

    d.     any information or representation included in advertising or labeling of a textile fiber product that is not required under the Textile Act or the Textile Rules "shall in no way be false, deceptive, or misleading as to fiber content and shall not include any

names, terms, or representations prohibited by the [Textile] Act and regulations." 16

C.F.R. § 303.42(b); 16 C.F.R. § 303.41(d); *see also* 16 C.F.R. § 303.17.

28.     A violation either of the Textile Act or of the Textile Rules constitutes an unfair

or deceptive act or practice in violation of the FTC Act. *See* 15 U.S.C. §§ 70a and 70e.

## COUNT I

29.     As set forth in Paragraphs 8 through 10, Defendant

    a.     markets and sells or has marketed and sold textile fiber products labeled as

"bamboo;" and

    b.     advertises or has advertised the fiber content of textile fiber products using

the terms "bamboo" and "bamboo fiber."

30.     In truth and in fact, as set forth in Paragraph 11, in numerous instances these

textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

31.     Therefore, through the means described in Paragraphs 8 through 10, Defendant

has introduced, advertised, offered for sale, or sold textile fiber products that are mislabeled or

falsely or deceptively advertised, in violation of Sections 70a and 70b of the Textile Act, 15

U.S.C. §§ 70a and 70b, and Sections 303.6, 303.8, 303.16, 303.17, 303.18, 303.33, 303.34,

303.40, 303.41, and 303.42 of the Textile Rules, 16 C.F.R. Part 303.

32.     Defendant's violations of the Textile Act and of the Textile Rules constitute

deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act.

*See* 15 U.S.C. §§ 70a and 70e.

## VIOLATIONS OF PRIOR COMMISSION DETERMINATIONS CONCERNING UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN COMMERCE

33.     Pursuant to Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), if the

Commission has determined in a proceeding under section 5(b) of the FTC Act, 15 U.S.C.

§ 45(b), that an act or practice is unfair or deceptive by issuing a final cease and desist order

other than a consent order, then a person, partnership, or corporation which engages in such act

or practice with actual knowledge that such act or practice is unfair or deceptive shall be liable

for a civil penalty of not more than $16,000 for each violation.

34.     In prior litigated decisions, the Commission has determined that it is an unfair or deceptive act or practice to offer for sale or sell textile fiber products that are falsely or deceptively labeled as to the name or amount of constituent fiber contained therein.  The Commission also has determined that it is an unfair or deceptive act or practice to falsely or deceptively advertise textile fiber products including, but not limited to, falsely or deceptively advertising the name or amount of constituent fiber contained within a textile fiber product. *See* Paragraph 20.

## COUNT II

35.     As set forth in Paragraphs 17 through 20, at least since receiving the Warning Letter on February 2, 2010, Defendant has had actual knowledge that offering for sale or selling falsely or deceptively labeled textile products and that falsely or deceptively advertising textile fiber products are unfair or deceptive acts or practices subject to civil penalties.

36.     As set forth in Paragraphs 8 through 10, Defendant has offered for sale and sold textile products labeled as "bamboo" and has represented, directly or indirectly, expressly or by implication, that certain textile fiber products it advertises and sells are "bamboo."

37.     In truth and in fact, as set forth in Paragraph 11, in numerous instances these textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

38.     Defendant has engaged in the acts and practices described in Paragraphs 36 and 37 with the actual knowledge, as set forth in Paragraph 35, that such acts and practices have been determined by the Commission in a final cease and desist order, other than a consent order, to be unfair and deceptive under Section 5(a) of the FTC Act.  Defendant, therefore, has violated Section 5(m)(1)(B) of the FTC Act.  15 U.S.C.§ 45(m)(1)(B).

## <u>CONSUMER INJURY</u>

39.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations.  In addition, Defendant has been unjustly enriched as a result of its unlawful acts or practices.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

//

**CIVIL PENALTIES AND INJUNCTIVE RELIEF**

40.     Violations of the Textile Act constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. §§ 70a and 70e. The FTC "is authorized to direct and prevent any person from violating the provisions of the [Textile Act] in the same manner, by the same means, and with the same jurisdiction, powers, and duties as though all applicable terms and provisions of the [FTC Act] were incorporated" therein, and any "person violating the [Textile Act] shall be subject to the penalties" provided in the FTC Act. 15 U.S.C. § 70e(b).

41.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to restrain violations of the FTC Act, as well as such ancillary relief as is necessary.

42.     Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), authorizes the Court to award monetary civil penalties of not more than $16,000 for each violation of prior Commission determinations concerning unfair and deceptive acts or practices in commerce, as described in Paragraphs 16–24 and 35–38.

43.     Pursuant to Section 5(m)(1)(B) of the FTC Act, for the purpose of computing civil penalties, each and every instance that Defendant has introduced, advertised, offered for sale, or sold a misbranded textile fiber product, since February 2, 2010, constitutes an act or practice that the Commission has determined in a prior proceeding to be unfair or deceptive.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), and 53(b) and the Court's own equitable powers, requests that the Court:

1.      Enter judgment against Defendant and in favor of Plaintiff for each violation of the Textile Act and the Textile Rules alleged in this complaint;

2.      Award Plaintiff monetary civil penalties pursuant to 15 U.S.C. § 45(m)(1)(B);

3.      Enter a permanent injunction to prevent future violations of the Textile Act and the Textile Rules; and

//

1      4.      Award Plaintiff the costs of bringing this action, as well as such other and

2   additional relief as the Court may determine to be just and proper.

3

4   DATED: January 3, 2013

5

6   Of Counsel:                                    Respectfully submitted,

7   JAMES A. KOHM                                  STUART F. DELERY
    Associate Director for Enforcement             Principal Deputy Assistant Attorney General

8
    ROBERT S. KAYE                                 MAAME EWUSI-MENSAH FRIMPONG
9   Assistant Director for Enforcement             Deputy Assistant Attorney General

10  KORIN EWING FELIX                              MICHAEL S. BLUME
    MEGAN A. BARTLEY                               Director
11  Attorneys
    Federal Trade Commission
12  600 Pennsylvania Avenue, N.W.                    /s/ Shannon L. Pedersen
    Mail Drop M-8102B                              SHANNON L. PEDERSEN
13  Washington, D.C. 20580                         Trial Attorney
    (202) 326-3556; kewing@ftc.gov                 Consumer Protection Branch
14  (202) 326-3424; mbartley@ftc.gov               U.S. Department of Justice
                                                   P.O. Box 386
15                                                 Washington, DC 20044
                                                   Tel: (202) 532-4490
16                                                 Fax: (202) 514-8742
                                                   Shannon.L.Pedersen@usdoj.gov
17

18

19

20

21

22

23

24

25

26

27

28